[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff has filed a summary process action for non-payment of rent in which he seeks a judgment of possession for the premises known as 171 Garfield Avenue, Apartment 4, in New London, Connecticut.
The plaintiff, who appeared pro se, alleged that the defendants Mark Lemmon and Jane Doe (later identified as Aida Ross) failed to pay the rent which was due on October 1, 2000. On October 13, 2000 the plaintiff served a valid notice to quit possession upon both of the defendants and subsequently filed a writ, summons and complaint bearing the return date of November 2, 2000 which was served upon each defendant on October 23, 2000.
The defendants Mark Lemmon and Aida Ross filed a pro se appearance and an answer with special defense with this court on November 7, 2000.
The court finds that it has jurisdiction in this matter, and that both defendants received appropriate notice of these proceedings.
All parties appeared at court for a mediation session on November 15, 2000 which did not resolve this matter. Trial was specially assigned for November 22, 2000 before this court.
The plaintiff Andrew Lockwood and the defendant Mark Lemmon appeared for trial on November 22nd at 2:00 p.m. The defendant Aida Ross did not appear for trial.
At the outset of the hearing, the defendant Mark Lemmon moved for a CT Page 14615 continuance indicating that he wanted further time to secure counsel. The plaintiff objected, noting that the defendants were purportedly in arrears on three months rent. The court denied the motion for a continuance. The trial proceeded.
Both the plaintiff and the defendant Mark Lemmon testified at trial. The court has carefully considered all of the evidence adduced at the trial.
Findings of Fact
The following facts were proven by a preponderance of the evidence at trial:
the plaintiff and defendants entered into an oral one-year lease for the use and occupancy of the subject premises on September 1, 2000.
The defendants agreed to pay the plaintiff monthly rental of $425.00 beginning on September 1, 2000 and continuing on the first of each month thereafter. The landlord, in recognition of the defendants' financial circumstances, waived the security deposit.
At trial, there was a dispute about when the defendants took occupancy of Apartment 4 at 171 Garfield Avenue.
The defendant claimed that he took occupancy on September 18, 2000. The plaintiff claimed that the defendants moved in on September 1St.
The court found the plaintiff landlord's testimony4 on this issue to be the more credible and finds as proven by a preponderance of the evidence that the defendants took occupancy of the subject premises on September 1, 2000.
The court notes that in his answer to the plaintiff's complaint, the defendant Mark Lemon agreed with paragraphs one and three of the plaintiff's complaint. In those paragraphs the landlord alleged that the defendant had entered into an oral one-year lease with the plaintiff on September 1, 2000 and that the defendant took possession of the premises pursuant to the oral one-year lease.
The plaintiff testified credibly at trial that the defendant did not pay the rent which was due on September 1, 2000 and October 1, 2000.
In his answer, the defendant Mark Lemmon agreed that the rent was unpaid on October 1, 2000 but alleged that he offered to pay the rent to the landlord on October 17th. In his answer the defendant further alleged CT Page 14616 that he offered to pay the rent on October 17th before he received the notice to quit. Although there was testimony that Mark Lemmon may have been incarcerated some time in October, 2000, the sheriff's return in the court record indicates that he was served with the notice to quit on October 13, 2000. The court also notes that the defendant Mark Lemmon filed a pro se appearance on November 7, 2000.
Based upon a preponderance of the evidence at trial the court finds that both defendants failed to pay the rent due on October 1, 2000, or within the nine-day statutory grace period thereafter.
The defendant claimed at trial that he has mental health problems and receives assistance from a local agency which is willing to assist him with rent in the future. He also claimed at trial that the premises were not habitable. Specifically he alleged that the toilet in his unit had not been bolted to the floor, that the unit lacked heat and hot water for a period of times and that the lock on the front door was missing.
The court notes that the defendant did not allege those conditions as a special defense when he filed his answer on November 2, 2000. The court, having heard the testimony of both litigants and having observed their demeanor at trial, finds that the defendant Mark Lemmon failed to prove by a preponderance of the evidence that the landlord's action in this matter was retaliatory, or that the premises at 171 Garfield Avenue were uninhabitable.
The plaintiff has proven by a preponderance of the evidence non-payment of rent as alleged in his complaint. Accordingly, a judgment of possession may enter in favor of the plaintiff against both defendants.
Dated at New London, Connecticut this 28th day of November 2000.
By the Court,
Dyer, J.